IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **PREFERRED PROFESSIONAL INSURANCE COMPANY,** | 8:16CV192 |
| Plaintiff, | |
| v. | PROTECTIVE ORDER |
| **HOUSTON CASUALTY COMPANY,** | |
| Defendant. | |

This matter came before the Court upon the Joint Motion for Protective Order (Filing No. 20) filed by the parties in the above-captioned matter, Plaintiff Preferred Professional Insurance Company ("PPIC") and Defendant Houston Casualty Company ("HCC").  The Court, being fully advised in the premises, hereby finds as follows:

**IT IS HEREBY ORDERED** that the Joint Motion for Protective Order is granted as set forth below and the Parties are limited in their disclosure and use of confidential and proprietary information as follows:

**ARTICLE 1 - Proceedings and Information Governed**

1. This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information, or other thing furnished by any party or non-party in connection with this action.  The information protected includes, but is not limited to, pleadings, answers to interrogatories, answers to requests for admission, responses to requests for production, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given, or filed in this action that are designated by a party as "Confidential Information" in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.  The term "Civil Action" refers to *Preferred Professional Insurance Company v. Houston Casualty Company*, Civil Action No. 8:16-cv-00192-JFB-TDT.

**ARTICLE 2 - Designation and Maintenance of Information**

2. "Confidential Information" shall include, but is not limited to, information the disclosing party contends constitutes confidential or non-public information,

information affecting the privacy interests of the parties or non-parties, documents or information pertaining to settlement of the various underlying litigation matters upon which this Civil Action is based, or proprietary information not typically disclosed to non-parties without a confidentiality agreement or protective order.

3. Documents, information, and things produced during the course of this litigation within the scope of Paragraph 2 above may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend bearing the term "CONFIDENTIAL" or by designating the information as Confidential Information by letter or email within seven (7) days of production.

4. A party may designate information disclosed at a deposition as Confidential Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have thirty (30) calendar days after the receipt of the deposition transcript to designate, in writing to the other parties and the court reporter, the transcript or any portion thereof as Confidential Information. If no such designation is made at the deposition or within such thirty (30) day calendar period (during which period, the transcript shall be treated as Confidential Information, unless the disclosing party consents to less confidential treatment of all or any portion of the information), the entire deposition will be considered devoid of Confidential Information. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody, or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

5. It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**ARTICLE 3 - Inadvertent Failure to Designate/Inadvertent Production**

6. The inadvertent failure to designate, withhold, or redact any information as confidential or privileged, or as containing personally identifiable information, will not be deemed to waive a later claim as to its confidential or privileged nature, or to

stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the designation.

7. The provisions of Fed. R. Civ. P. 26 relating to the inadvertent disclosure of privileged information shall also apply. Specifically:

   a. Upon receiving notice of inadvertent production, the receiving party shall promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

   b. If the parties cannot agree as to the claim of privilege or other basis for non-disclosure, the receiving party shall present the information to the Court under restricted access for a determination of the claim. Nothing herein shall be construed to prevent a producing party from moving the Court for a resolution.

**ARTICLE 4 - Challenge to designations**

8. A receiving party may challenge the producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have fourteen (14) days after receipt of the challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this fourteen (14) day time frame, after meeting and conferring on the issue, the receiving party may seek a Court order to alter the confidential status of the designated information. Until any dispute under this Paragraph 8 is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

**ARTICLE 5 - Disclosure and Use of Confidential Information**

9. Except as expressly set forth herein, information designated as Confidential Information may be disclosed by the receiving party only to the following persons. Each such person must be informed of the confidential nature of the Confidential Information and their obligations to keep such information confidential, and persons covered by sub-paragraphs (d)-(f), below, must execute the acknowledgement attached hereto as Exhibit A. Confidential Information may not be used by the receiving party or any of the persons covered by sub-paragraphs (a)-(f) below under any circumstances for any purpose other than in connection with this Civil Action.

   a. PPIC;

   b. HCC;

   c. The parties' respective counsel of record (and any in-house counsel for the parties) and the office personnel employed by such counsel and/or working under the direct supervision of said counsel;

   d. Vendors expressly retained by counsel of record for a party to assist in preparation of this Civil Action;

   e. Independent experts and consultants expressly retained by counsel of record for a party to assist in preparation of this Civil Action;

   f. Non-party witnesses and any other deponent not covered by or identified by any other subparagraph hereof, and their counsel, during the course of or in preparation for depositions or testimony in this Civil Action, provided that no non-party witness or deponent otherwise precluded from accessing such Confidential Information shall be permitted to possess or otherwise review outside the presence of any party's counsel of record any document reflecting such Confidential Information;

   g. The parties' respective reinsurers, auditors, and regulators;

   h. The Court and all clerks and other personnel in such Court and any law enforcement agency; and

   i. Any person the Court so designates.

**ARTICLE 6 - Non-Party Information**

10. The existence of this Protective Order shall be disclosed to any person producing documents, information, tangible things, or testimony in this Civil Action who may reasonably be expected to desire confidential treatment for such documents, information, tangible things, or testimony. Any such person may designate documents, information, tangible things, or testimony pursuant to this Protective Order.

**ARTICLE 7 - Filing Documents with the Court**

11. Confidential Information shall be filed, if at all, under Restricted Access pursuant to NECivR. 5.3.

**ARTICLE 8 - No Prejudice**

12. Producing or receiving Confidential Information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Confidential Information contains or reflects confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be or not be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**ARTICLE 9 - Conclusion of Litigation**

13. Within sixty (60) days after final judgment in this Civil Action, including the exhaustion of all appeals, upon written request of the producing party, each receiving party or other person subject to the terms of this Protective Order shall be under an obligation to (a) destroy, (b) return to the producing party, or (c) maintain and protect in accordance with the terms of this Protective Order all materials and documents containing Confidential Information, and to certify to the producing party such destruction, return, or continuing protection.

**ARTICLE 10 - Other Proceedings**

14. A receiving party may not utilize Confidential Information for any purpose other than in connection with this Civil Action absent the express written consent of the producing party.  This Order shall survive the final determination of this Civil Action and shall remain in full force and effect after the conclusion of all proceedings herein to provide the Court with ancillary jurisdiction to enforce its terms and to ensure compliance.

15. Any person or parties subject to this Protective Order that may be subject to a request, motion, or subpoena to disclose another party's information designated Confidential pursuant to this Protective Order shall promptly notify that party of the request, motion or subpoena so that it may have a reasonable opportunity to appear and be heard on whether that information should be disclosed.

**ARTICLE 11 - Remedies**

16. It is ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37 and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt.  All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

17. Any party may petition the Court for good cause shown in the event such party desires relief from a term or condition of this Protective Order.

**IT IS SO ORDERED.**

Dated this 14th day of November, 2016.

                                                    BY THE COURT:

                                                    s/ Thomas D. Thalken
                                                    United States Magistrate Judge

**EXHIBIT A - ACKNOWLEDGEMENT**

_____ declares that:

I reside at _____, in the city of _____, county of _____, state of _____.

I am currently employed by _____, located at _____ and my current job title is _____.

I have read and believe I understand the terms of the Stipulation and Protective Order ("Order") dated November 14, 2016, filed in Case No. 8:16CV192-JFB-TDT, pending in the United States District Court for the District of Nebraska. I agree to comply with and be bound by the provisions of the Order. I understand that any violation of the Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated as "Confidential Information" or obtained pursuant to such Order, or the contents of such documents, to any person other than those specifically authorized by the Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received any documents in my possession designated as "Confidential Information," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcing or otherwise providing relief relating to the Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____, 20\_\_\_     _____
                                                                                (Signature)